**Christopher LANGDON,
Plaintiff–Appellant,**

v.

**Ed GARNER, Jr.; State of North Carolina; Roy Cooper; T.L. Malonee; Phillip Jackson; Bernadine Ballance; North Carolina Industrial Commission, Defendants–Appellees.**

**Christopher Langdon, Plaintiff–
Appellant,**

v.

**Roy Cooper, The North Carolina Attorney General; The State of North Carolina; The Supreme Court of North Carolina; North Carolina Court of Appeals, Defendants–Appellees.**

**Christopher Langdon, Plaintiff–
Appellant,**

v.

**North Carolina Department of Transportation; Lyndo Tippett, Defendants–Appellees.**

Nos. 02–1391, 02–1392, 02–1529.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 20, 2002.

Decided Oct. 7, 2002.

Christopher Langdon, Appellant Pro Se. Adrian Phillips, North Carolina Department of Justice, Raleigh, North Carolina; Robert Orr Crawford, III, Lisa Carol Glo-

ver, North Carolina Department of Transportation, Raleigh, North Carolina, for Appellees.

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

In these consolidated appeals, Christopher Langdon appeals the district court's orders dismissing his three separate civil actions under 42 U.S.C. § 1983 (2000). On appeal, Langdon contends the district court erred in dismissing each of his complaints. For the following reasons, we affirm.

With respect to the district court's dismissal of Langdon's complaint in No. 02–1391, we have reviewed Langdon's pleadings in accordance with *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and find no reversible error. Accordingly, we affirm the dismissal of that complaint on the reasoning of the district court. *See Langdon v. Garner,* Nos. CA–01–746–BO–5–3 (E.D.N.C. Feb. 28, 2002).

Nor do we find reversible error in the dismissal of Langdon's complaint in No. 02–1392. The district court found Langdon's claims in that complaint barred under the Eleventh Amendment. To the extent Langdon sought compensatory and punitive damages, we affirm on the reasoning of the district court. *See Langdon v. Cooper,* No. CA–01–816–BO–5–3 (E.D.N.C. Mar. 1, 2002). To the extent that Langdon sought prospective relief under § 1983, *see TFWS, Inc. v. Schaefer,* 242 F.3d 198, 204 (4th Cir.2001), we affirm the district court's dismissal of those claims because Langdon lacks standing to pursue them.

See City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); see also Korb v. Lehman, 919 F.2d 243, 246 (4th Cir.1990) (noting this Court may affirm on any ground fairly supported by the record).

Finally, our review of Langdon's pleadings in No. 02–1529 in accordance with Haines reveals no error in the district court's dismissal of Langdon's complaint. We therefore affirm the dismissal of that complaint on the reasoning of the district court. See Langdon v. North Carolina Dep't of Transp., CA–01–905–BO–5 (E.D.N.C. Apr. 3, 2002).

Accordingly, we deny Langdon's motions for extensions of time to file reply briefs, as well as his motion objecting to the consolidation of these appeals, and affirm the district court's orders in Nos. 02–1391, 02–1392, and 02–1529. Furthermore, although we decline to impose sanctions on Langdon for pursuing these appeals at this time, we again caution that further frivolous or malicious filings before this court or in the district court could result in sanctions. We express no opinion as to the motion for sanctions under Fed. R.Civ.P. 11 pending in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*